### G. BONDIES v. GORRISON'S HEIRS.

A testator bequeathed to B. "all that the lands he sold my brother and me "in Texas, may bring, over six thousand dollars." To other parties several money legacies were made. Administration was opened in this State, and one tract of the land was sold by the administrator, under orders of the court in probate. B. became the purchaser on his bid of over eleven thousand dollars, and he paid six thousand dollars of that sum to the administrator, and prayed the court below to decree him the remaining lands, without sale. The court below confirmed the sale to B., and decreed him title to the remaining lands, but on condition that he pay to the administrator all the costs of the administration, inclusive of commissions, attorney's fees, etc.; from which he appeals. *Held,* in view of the entire provisions of the will, that the testator intended to reserve the six thousand dollars, free of all expenses or deduction; and that the judgment of the court below is correct.

APPEAL from Kaufman. Tried below before the Hon. John G. Scott.

The leading facts are stated in the opinion of the court. The amount of attorney's fees was six hundred dollars.

*H. W. Rhodes,* for the appellant. The expenses of administration under the law of this State are a charge upon the whole estate of the testator; yet, in this instance, as shown by the record, the district judge construed the same as a charge upon appellant solely; and we submit, in due deference to the

opinions of the court below, that such a construction cannot stand the test of either the statute law of this State, or the common law, or of equity jurisprudence.

Now what does the testator mean by the comprehensive term used in the designation of this devise, " All that the land " he sold my brother and me in Texas may bring over six " thousand dollars ? " We submit that the rule of law with reference to the construction of grants is applicable in this case. *Verba chartarum fortius accipiuntur proferentem.* (The words of charters are to be received more strongly against the grantor.) See the case of Dann *v.* Spurrier, 3 B. and P., 399, in which it was held that a lease to one to hold for seven, fourteen, or twenty-one years, gave to the lessee and to him alone the option at which of the periods named the lease should determine. See also Doe *v.* Dixon, 9 East. Reports, page 15, " The " construction of grants should be favorable to the grantee." Throckmorton *v.* Tracy, Plowd., 15 H., 161; Doe *v.* Williams, 1 H. Bl., 25 ; Charles River Bridge *v.* Warren Bridge, 11 Peters, 420, 588 ; Jackson *v.* Blodget, 16 John., 172; Melvin *v.* Proprietor *et al.,* on Mer. River, 5 Metcalf, 15, 27 ; Cocheho Man. Co. *v.* Whittier, 10 N. H., 305 ; Lincoln *v.* Wilder, 29 Maine, 169 ; Wilson *v.* Patten, 34 Me., 25 ; Pike *v.* Monroe, 36 Me., 309. " Words are taken as strongly against the grantor in a will as " in a deed." See O'Hara on the Construction of Wills, page 26.

Take, for instance, a case of this kind, by way of illustration of the hardships of the rulings of the district judge, upon the trial of this cause as against the appellant ; suppose that the whole landed estate of the testator, in Texas, had been offered for sale at the time that the sale was made of the league and labor in Kaufman county, and that the entire proceeds arising from the sale had not exceeded eight thousand dollars ; now, the cost of administration in this matter exceed two thousand dollars ; take from the eight thousand received the six thousand reserved by the testator and costs, and what would have followed ; the whole devise to the appellant would have failed. Certainly such was not the intention of the testator.

"A will, statute, or other document is construed according to "the primary sense of the words used, except when a rule of "law, the context, external circumstances, or a rule of con- "struction is inconsistent with such interpretation." (See O'Hara on Construction of Wills, page 28; Cromer *v.* Pinckney, 3 Bar. Ch., 466.) A testator is always presumed to use the words in which he expresses himself according to their strict and primary acceptation, unless, from the context of the will, it appears that he has used them in a different sense; in which case the sense in which he appears to have used them will be the sense in which they are to be construed. (See Wigram on Wills, page 58.) In the present case the testator says that George Bondies, the appellant, shall have all over six thousand dollars, that the land in question should sell for; and how the district judge construed that his meaning was all after costs and expenses of administration were paid, I am at a loss to see; as well might he have construed the meaning of the testator to be, that after the estate had received six thousand dollars from the sale of the lands in Texas, together with the expenses of administration in this State, and the expenses of administration in Louisiana, upon the large estate in New Orleans, then, that Bondies should have the residue. I say that the latter construction would have been as reasonable as the construction actually placed upon the will by the court below, and from which this appeal is taken. I submit that the district judge went entirely outside of the will in his rulings, with reference to the expenses of this administration; the other special legatees under this will, and for whose benefit this administration is said to have been instituted, are interested to the amount of their respective legacies in the whole estate of Gorrison, viz.: the estate in Texas and that in Louisiana, while 'Bondies' interest is confined exclusively to the estate in Texas. The court will readily perceive the hardships of the rulings of the District Court upon the appellant.

In Hicks *v.* Sallett, 3 De. G. M. & Gor., 282, 18 Jur., 915, Lord Cranworth, C., said, "When a testator uses a word

" which has a well-known ordinary acceptation, it must appear
" very certain that he has said on the face of the will that he
" uses it in another sense before the ordinary sense can be inter-
" fered with.     In order to alter the meaning of a word, it must
" appear, not that the testator might have meant it in a different
" sense, but that he must have meant it in a different sense, and
" this can only be shown by pointing out some inconsistency in
" different parts of the will, or a positive statement of such being
" the sense intended, or a *reductio ad absurdum*, by not taking
" the word in a qualified sense."     (See also *per* Sir James
Wigram, V. C., in Ford *v.* Ford, 6 Hare, 490 ; *per* Lord Eldon,
in Church *v.* Mundy, 15 Ves., 406 ; *per* Lord Brougham, in
Doe d., Winter *v.* Perratt, 6 Mann. & Gr., 357; *per* Lord
Erskine, J., in Shore *v.* Wilson, 9 Cl. & Fin., 512 ; *per* Lord
Wensleydale, in Gray *v.* Pearson, Ho. Lo. Cas., 106 ; and *per*
Sir J. L. Knight Bruce, in Key *v.* Key, H. De G. M. & Gor.,
84 ; and in Howe *v.* Thomas, 5 De. G. M. & Gor., 416.)

*Long & Oatman*, for the appellees, filed an able brief in
reply.

OGDEN, J.     This is an appeal from the District Court of
Kaufman county, in matters of probate.     By a codicil to his
will, made in New Orleans on the 13th day of May, 1858,
Fred. Gorrison bequeathed to George Bondies, or to his son
George, " all that the land he sold my brother and me in Texas
" may bring over six thousand dollars," and this appeal was
taken primarily for the purpose of having a judicial construc-
tion of this clause of the will of the said Gorrison, deceased.

It would appear from the numerous bequests made by the
testator, that Gorrison, at the time of executing that will, was
the owner of a large estate, most of which it is presumed was
in Louisiana, or beyond the limits of this State, and that the
lands bequeathed to appellant were all the property of the tes-
tator within the State of Texas ; and that all the legatees, with
perhaps one exception, who received five hundred dollars, were

non-residents of this State. The special bequests amounted to about sixteen thousand dollars in money, which was to be raised out of the remainder of the testator's estate, after satisfying the bequests of land and other specific property. By the will, the appellant received between ten and twelve thousand acres of land, charged with the payment of six thousand dollars, or, rather, he should have received the balance of the proceeds of the sale of that land, after deducting the six thousand dollars ; and the only legitimate deduction from the terms of the will is, that the testator intended his lands in Texas should be sold, and that from the proceeds of the sale the six thousand dollars should be reserved, to pay, to that extent, the cash legacies which he had made ; and the balance, should there be one, to be paid to George Bondies. And, therefore, upon a careful consideration of the whole context of the will, we are inclined to the opinion that the testator intended to reserve, out of the Texas lands, the full six thousand dollars, free from any charge of administration or costs. And this opinion is greatly strengthened by the peculiar language of the bequest. " All that the " lands may bring over six thousand dollars," most clearly does not mean, as supposed by counsel, all that they may sell for, since the land could bring nothing without some precedent labor, care, and expense, and which must be deducted from the gross product or sale, in order to arrive at the true sum they would bring.

It would seem that the bequest to appellant was a large one, since one tract of the land, out of twelve, sold at the administrator's sale for over ten thousand dollars, nearly enough to pay the amount reserved out of the sale of the whole land, twice over. The appellant, more than all others, was directly interested in having the six thousand dollars made out of the property, so that he might take possession of the remainder, as his own ; and yet the whole contest in this suit is in regard to the costs of getting possession of his own property. It is true that the will contemplated a sale of the whole of the property, but the only object was to raise the six thousand dollars re-

served out of the same; and had the appellant paid that sum, there can be no question but that the whole land would have been his, with comparatively little or no costs; and yet he has permitted twelve years to pass, and until the other legatees and devisees were compelled to take out administration, and have a portion of the land sold to obtain their just rights under the will of their common benefactor. Under this view of the facts of this cause, we are clearly of the opinion that the court did not err in adjudging the costs of administration against the appellant. The attorney's fees allowed by the administrator, and approved by the court, may possibly have been larger than the services rendered merited, but that question was hardly raised in the lower court, and the record contains no evidence of the services rendered, excepting what may be seen from a very imperfect and defective record. The court certified that the services were necessary and were performed, and that the charge was reasonable and proper; and as no proof was offered to show the contrary, this court will indulge every presumption in favor of the correctness and legality of the judgments and decrees of the lower court. The judgment is therefore affirmed.

Affirmed.